UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDA DIFILLIPPO,

                Plaintiff,

  -against-                                     6:09-CV-760
                                                      (NAM/ATB)
SPECIAL METALS CORPORATION and
DAVID MARECEK,

                Defendants.
_____

APPEARANCES:                               OF COUNSEL:

Bosman Law Firm, L.L.C.                A.J. Bosman, Esq.
6599 Martin Street                          Beth A Lockhart, Esq.
Rome, New York 13440
*Attorneys for Plaintiff*

Bond Schoeneck & King, P.L.L.C.       Brian J. Butler, Esq.
One Lincoln Center                     Colin M. Leonard, Esq.
Syracuse, New York 13202-1355
*Attorneys for Defendant*s

**Norman A. Mordue, United States District Judge**

MEMORANDUM-DECISION and ORDER

I.     INTRODUCTION

      This Court previously decided defendants' motion for summary judgment. *See* Dkt. #38 (September 20, 2011, Memorandum Decision and Order). Thereafter, plaintiff made a motion to modify said Memorandum-Decision and Order by vacating the dismissal of plaintiff's state employment discrimination claims and intentional infliction of emotional distress claims ("IIED") and remanding them to New York State Supreme Court, Oneida County.

II.    DISCUSSION

      The Court assumes the parties' familiarity with the relevant factual and procedural background. Plaintiff contends that the Court erred in dismissing her IIED claim on the ground

that it was untimely because she filed a summons with notice within the one year statute of limitations for commencing an intentional tort claim. Assuming the truth of her allegations, the Court would still dismiss this claim, but as with her state law employment discrimination claims, the dismissal would be without prejudice to refile the claim in state court. As to plaintiff's arguments concerning the Court's alleged obligation to remand her state law employment discrimination claims rather than dismiss them without prejudice, the Court disagrees. The Court acted well within its discretion to dismiss these claims rather than remand them to state Supreme Court. *See Cave v. East Meadow Union Free School District*, 514 F. 3d 240, 250 (2d Cir. 2008) (When all federal claims are dismissed before trial, state law claims should be dismissed without prejudice; dismissal will not have any impact on statute of limitations for said claims because statute is tolled pursuant to 28 U.S.C. § 1367 (d) while claims are pending and for 30 days after they are dismissed.)

III.   CONCLUSION

Based on the foregoing it is hereby

ORDERED that plaintiff's motion to modify the Court's September 30, 2011, Memorandum-Decision and Order (Dkt. No. 41) is GRANTED in part and DENIED in part. The Court modifies the September 30, 2011, Memorandum-Decision and Order to the extent that it finds that plaintiff's claim for Intentional Infliction of Emotional Distress was not untimely. However, the Court dismisses said claim without prejudice. The balance of plaintiff's motion insofar as it seeks remand rather than dismissal of her state law claims is DENIED.

IT IS SO ORDERED.

Date:   May 2, 2012
         Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge